|  |  |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| *versus* § | CASE NO. 4:09-CR-77 |
| § | |
| ROWENA LYNETTE ALLEN § | |

## MEMORANDUM AND ORDER

Pending before the court is Defendant Rowena Lynette Allen's ("Allen") *pro se* letter motion for early termination of her term of supervised release (#52). United States Probation and Pretrial Services ("Probation") recommends denying the motion. Having considered the motion, Probation's recommendation, the record, and the applicable law, the court is of the opinion that the motion should be denied.

I.   Background

On May 14, 2009, a federal grand jury in the Eastern District of Texas returned an Indictment charging Allen with Possession with Intent to Distribute 50 Grams or More of Cocaine Base, in violation of 21 U.S.C. § 841(a)(1). On January 27, 2010, Allen pleaded guilty to the sole count of the Indictment, and on February 23, 2010, the court sentenced Allen to 120 months' imprisonment, to be followed by a 5-year term of supervised release. On February 16, 2018, Allen was released from the custody of the Bureau of Prisons and began her term of supervised release. Allen is scheduled to complete her supervision on February 15, 2023.

On January 20, 2021, Allen filed the instant motion for early termination of her term of supervised release. Allen states that she has been compliant with her terms of supervision, has a stable job, and has established her own residence in an apartment. Probation confirms that Allen is doing well under supervision.

II.    Early Termination of Supervised Release

Title 18, United States Code, Section 3583(e) authorizes a district court to terminate supervised release at any time after the expiration of one year if, after considering the factors set forth in Section 3553(a),[1] "it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1); *accord United States v. Johnson*, 529 U.S. 53, 59-60 (2000); *Herndon v. Upton*, 985 F.3d 443, 446 n.5 (5th Cir. 2021); *United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020); *United States v. Cochran*, 815 F. App'x 361, 363 (11th Cir. 2020); *United States v. Davies*, 746 F. App'x 86, 89 (3d Cir. 2018); *United States v. Trailer*, 827 F.3d 933, 938 (11th Cir. 2016).

District courts enjoy considerable discretion in determining when the interests of justice warrant early termination, and "courts have consistently declined to grant such relief just because the defendant has complied with his conditions." *United States v. McClain*, No. 99-CR-93, 2009 WL 854107, at *1 (E.D. Wis. Mar. 30, 2009); *see United States v. Pittman*, No. 3:15-CR-221-O(1), 2020 WL 6564724, at *2 (N.D. Tex. Nov. 9, 2020); *United States v. Reed*, No. CR 15-100, 2020 WL 4530582, at *2 (E.D. La. June 5, 2020) ("Proof of compliance with the terms of supervised release does not equate to 'exceptionally good' behavior and does not, by itself, justify early termination."). Indeed, a defendant's "compliance with the terms of supervision and with

---

[1] Section 3553(a) directs courts to consider: the nature and circumstances of the offense and the defendant's history and characteristics; the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; the need to deter criminal conduct; the need to protect the public; the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the kinds of sentences and sentencing ranges established for defendants with similar characteristics under applicable Sentencing Commission guidelines and policy statements; any pertinent policy statement of the Sentencing Commission in effect on the date of sentencing; the need to avoid unwarranted disparities among similar defendants; and the need to provide restitution to the victim. 18 U.S.C. § 3553(a).

the law is not enough to warrant termination; such conduct is expected and required." *United States v. Jones*, No. V-11-21, 2013 WL 2417927, at *1 (S.D. Tex. June 4, 2013); *accord United States v. Taylor*, 729 F. App'x 474, 475 (7th Cir. 2018) ("[M]ere compliance with the terms of supervised release is expected, and without more, insufficient to justify early termination."); *United States v. Boudreaux*, No. 2:19-CR-00377-01, 2020 WL 7635708, at *1 (W.D. La. Dec. 22, 2020).

Nevertheless, in "cases with new or unforeseen circumstances, or where the defendant's behavior has been exceptionally good," the court may, at its discretion, choose to terminate a defendant's term of supervision. *McClain*, 2009 WL 854107, at *1; *see, e.g.*, *United States v. Kay*, 283 F. App'x 944, 946-47 (3d Cir. 2008); *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997); *Reed*, 2020 WL 4530582, at *2; *United States v. Cooks*, No. 07-303, 2018 WL 4005835, at *1 (W.D. Pa. Aug. 22, 2018) ("[E]arly termination of supervised release under section 3583(e) should occur only when the sentencing judge is satisfied that something exceptional or extraordinary warrants it." (quoting *United States v. Laine*, 404 F. App'x 571, 573-74 (3d Cir. 2010))); *United States v. Robinson*, No. 2004-0005, 2016 WL 3702961, at *9-10 (D.V.I. July 7, 2016); *United States v. Longerbeam*, 199 F. Supp. 3d 1, 3 (D.D.C. 2016) ("[W]hile the Court commends defendant for his law-abiding conduct and personal successes, such activities are expected of a person on supervised release and do not amount to 'exceptionally good behavior' or 'something of an unusual or extraordinary nature in addition to full compliance.'" (quoting *United States v. Mathis-Gardner*, 783 F.3d 1286, 1289 (D.C. Cir. 2015))); *United States v. Etheridge*, 999 F. Supp. 2d 192, 196 (D.D.C. 2013) (noting that "even perfect compliance with

conditions of release does not qualify as 'exceptionally good behavior' warranting early termination").

Here, the court finds that Allen's post-release conduct does not warrant early termination of her supervised release. Although Allen provides the court with a list of commendable achievements and goals, she identifies no new or exceptional circumstances. Given the nature of her offense, Possession with Intent to Distribute 50 Grams or More of Cocaine Base, her criminal history, and her history of substance abuse, early termination would not be in the interest of justice. Additionally, Allen has served only approximately 3 years of her 5-year term of supervised release. Further, although Allen completed her substance abuse counseling and all urine drug tests have been negative, it appears that she has a long history of drug abuse and, according to Probation, she has experienced difficulty complying with prior terms of supervision; thus, she would likely benefit from continued supervision. Finally, Allen has an extensive criminal history including prior convictions for criminal trespass, forgery, securing the execution of a document by deception (2), theft (2), delivery of cocaine (3), delivery of a controlled substance in a drug free zone, delivery of a controlled substance, and possession of a controlled substance, and she repeatedly failed to comply with previous terms of probation. Thus, although Allen appears to be on the right track, the court believes that completion of her full term of supervised release appropriately reflects the seriousness of her crime, deters future criminal conduct, and provides needed structure for her continued rehabilitation. Accordingly, Allen's *pro se* letter motion for early termination of supervised release (#52) is DENIED.

SIGNED at Beaumont, Texas, this 23rd day of March, 2021.

*Marcia A. Crone*

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE